UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
**MERCEDES BISONO,**

                        Plaintiff,                    CV: 18-2975

v.

**FINANCIAL RECOVERY SERVICES, INC.**

                        Defendant.
------------------------------------------------------------X

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual, statutory damages and punitive damages and for a declaratory judgment brought by Plaintiff, **Mercedes Bisono**, an individual consumer, (hereinafter "Ms. Bisono" or "Plaintiff") against **Financial Recovery Services, Inc.** (hereinafter "Financial Recovery" or "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and for attorneys' fees, litigation expenses and costs pursuant to 28 U.S.C. § 2201 and § 2202; for violation of New York General Business Law §349 (hereinafter GBL §349) which prohibits deceptive acts or practices in the conduct of any business; trade, or commerce or in the furnishing of any service in the State of New York which shall be unlawful; and a declaratory judgment for violation of the New York Fair Debt Collection Practices Act §601 (8) which prohibits principal creditors and their agents (debt collectors) from making a "claim or attempt, or threaten to enforce a right with knowledge or reason to know that the right does not exist" (hereinafter "NYFDCPA") for knowingly attempting to collect a debt before debt was validated.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331.  Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this district is proper in that the Defendant transacts business here and the conduct complained of occurred here where the Plaintiff resides.

3. This court has supplemental jurisdiction to hear all state law claims pursuant to §1367 of Title 28 of the U.S.C and as such has jurisdiction to rule on violations of GBL §349 and the NYFDCPA §601.

## III. PARTIES

4. Plaintiff, Mercedes Bisono is a natural person residing in Nassau County located at 5 Hedge Lane, Westbury, NY 11590; a "consumer" as that term is defined by 15 U.S.C. §1692a(3); and a person affected by a violation of the FDCPA and other claims with standing to bring this claim primarily under 15 U.S.C. §1692.

5. Defendant, Financial Recovery is a Minnesota Business Corporation registered and authorized to do business in New York State; primarily involved and engaged in the business of collecting debt in New York State. Financial Recovery has its principal place of business located at 4510 W 77th Street, Suite 200, Minneapolis, Minnesota 55438.

6. According to the New York Department of State, Financial Recovery may be served through the Secretary of State for service to Financial Recovery Services, located at P.O. Box 385908 Minneapolis, Minnesota 55438. The principal purpose of the Defendant is the collection of debts including in the county of Nassau and State of New York and Defendant regularly attempts to collect debts alleged to be due to another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a (6).

7. Defendant, Financial Recovery is engaged in the collection of debts from consumers using the mail and the telephone. The Defendant regularly attempts to collect consumer debts alleged to be due to another. The Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff allegedly owes a debt from TD Bank USA, N.A. which was transferred to Financial Recovery for collection.

9. On April 24, 2018 Plaintiff received a debt validation letter from Financial Recovery Services, Inc. Furthermore, there were multiple collection attempts within the letter. *see* **Exhibit "B"**

10. Financial Recovery is a self-proclaimed debt collector in which their website explains: "Financial Recovery is collection agency specializing in custom collection and receivables management." *see* Hyperlink below

    http://www.fin-rec.com/who-we-are/about-us/

11. Upon information and belief, there were additional collection letters sent directly to the Plaintiff

12. Financial Recovery allegedly has a pattern and practice of deceptive business practices in collecting debts. *see* Hyperlink

    https://www.consumerfinance.gov/data-research/consumer-complaints/search/?from=0&searchField=all&searchText=financial%20recovery%20services&size=25&sort=created_date_desc

    The search of the Consumer Financial Protection Bureau complaints database, reports over 450 recent complaints against Financial Recovery. We can only imagine how many more additional unreported complaints for deceptive debt collection practices as it seems that this is the modus operandi for this company.

13. Financial Recovery knew or should have known that Plaintiff's debt validation letter was serving a dual purpose as a 30-Day Validation Notice and a collection notice demanding payment. Therefore, Financial Recovery should have ceased including collection attempts within the debt validation sent directly to Ms. Bisono.

14. Due to Financial Recovery's practice of deceptive collection practices, the Plaintiff has had considerable anxiety and stress in trying to decipher whether the letter is an opportunity to object or submit immediate payment to the alleged debt. *see* **Exhibit "B"**.

15. There is no question that Defendant, Financial Recovery, should have not attempted to collect a debt within the same 30 Day statutory period that allows Ms. Bisono to either confirm and dispute the alleged $966.16 debt.

**FIRST CLAIM FOR RELEIF**

**V. <u>FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
VIOLATIONS AGAINST THE DEFENDANT</u>**

16. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs as though fully stated herein.

17. Plaintiff allegedly owes a debt purportedly owed to a creditor on whose behalf Financial Recovery.

18. The alleged debt was transferred to the Defendant, Financial Recovery for collections against and from the Plaintiff. In Skinner, The Court held "individuals and entities who regularly purchase debts originated by someone else and then seek to collect those debts for their own account" are considered debt collectors. Skinner v. LVNV Funding, LLC, 2018 WL 319320.

19. <u>15 U.S.C. §1692g</u> states in relevant part that:

> (b)   the <u>debt collector</u> shall cease collection of the debt, or any disputed portion thereof, until the <u>debt collector</u> obtains verification of the debt
>
> <u>15 U.S.C. §1692 f</u> "any unfair or unconscionable means to collect or attempt to collect the alleged debt"
>
> > (1)   Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

Defendant, Financial Recovery intentionally attempted to collect on a debt within a 30-Day debt validation letter.

20. The Defendant violated numerous provisions of the FDCPA. The Defendant's willful violations include but are not limited to the following:

    (a) § 1692g (b): Defendant, Financial Recovery, On or around April 24, 2018 sent a debt valid dation letter directly to Plaintiff. Although letter provided notice to Ms. Bisono that she had thirty days to dispute the validity of this debt however, collection attempts were made multiple times within the letter. Furthermore, there were three payment coupons which included the balance due attached at the bottom of letter. In addition, instructions were attached at the top of the coupons stating, "Detach Coupon and Mail Payment". Moreover, the language within the letter stated that Financial Recovery now accepts some forms of payment online at www.fin-rec.com. This is a violation because Financial Recovery did not cease collection attempts during Ms. Bisono 30-Day period to dispute the debt.

    (b) §1692f (1): Defendant Financial Recovery, On or around April 24, 2018 sent a debt validation letter directly to Ms. Bisono. The letter itself stated Ms. Bisono had the opportunity within 30 days to dispute the validity of the debt however, made collection attempts as well. The letter contained three payment coupons with the balance preprinted on each coupon and provided an address if sending a payment overnight. An unsophisticated consumer would have a great deal of trouble deciphering whether the 30 Day statutory grace period applies or if a payment had to be made immediately upon receipt. This is a violation because it would be unconscionable to believe Ms. Bisono could readily understand from the letter that she had 30 days to dispute the validity of the debt while within the same letter, there is an address for overnight payments and three preprinted coupons affixed at the bottom.

    As a result of each of Financial Recovery's violation of the FDCPA, the Defendant is liable to Ms. Bisono for declaratory judgment that the Defendant's conduct violated the FDCPA and that Financial Recovery cease collection activities; actual damages pursuant to 15 U.S.C. §1692 k(a)(1); statutory damages in an amount up to $1,000.00 from the Defendant Financial Recovery pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney fees and costs from Defendant Financial Recovery pursuant to 15 U.S.C. §1692k(a)(3).

### SECOND CLAIM FOR RELIEF

### VI. NY GENERAL BUSINESS LAW §349 AS AND AGAINST DEFENDANT

21. The Plaintiff repeats and re-allege and incorporate by reference to the foregoing paragraphs as though fully stated herein.

22. The Plaintiff is a "consumer" as that term is defined in the GENERAL BUSINESS LAW § 349 of New York.

23. The Plaintiff's relationship with the Defendant arose out of a "consumer debt" as that term in the General Business Law (hereinafter "GBL") § 349 of New York.

24. The Defendant, Financial Recovery was and is respectively a "debt collector" as that term is defined by applicable provisions of the GBL§ 349.

25. Specifically, Defendant is liable to Plaintiff pursuant to GBL §349 which states in relevant part that:
"Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

    Defendant, Financial Recovery sent a debt validation serving a dual purpose as a collection letter directly to Plaintiff to collect an alleged debt, despite statutorily a debt collector must cease collection activities until the debt is validated.

26. Plaintiff have suffered both pecuniary and non-pecuniary actual damages in the form of $2.30 in fuel costs driving to attorney's office, fear, anxiety and stress. *see* **Exhibit "A"**

  As a result, the defendant is liable under GBL § 349 violations and penalties.

## THIRD CLAIM FOR RELIEF

### VII. <u>NEW YORK FAIR DEBT COLLECTION PRACTICES ACT VIOLATONS AGAINST DEFENDANT</u>

27. The Plaintiff repeats and realleges and incorporate by reference to the foregoing paragraphs as though fully stated herein.

28. The Plaintiff is a "consumer" as that term is defined in the New York Fair Debt Collection Practices Act § 600 of New York.

29. The Plaintiff's relationship with the Defendant arose out of a "consumer debt" as that term in the New York Fair Debt Collection Practices Act § 600 of New York.

30. The Defendant was and is a "debt collector" as that term is defined by applicable provisions of the New York Fair Debt Collection Practices Act§ 600.

31. Under the New York Fair Debt Collection Practices Act §601 the Defendant Financial Recovery was and is prohibited from engaging in any conduct that the natural consequences of which is to oppress, harass or abuse any person. All of the FDCPA violations are realleged and incorporated herein by this reference and taken together constitute the conduct prohibited by this section. The 30-day debt validation letter serving a dual purpose as a collection notice was sent directly to Plaintiff despite statutorily, a debt collector must cease collection efforts until debt has been validated.

32. The Plaintiff has suffered both actual pecuniary in the form of $2.30 in fuel costs driving to attorney's office and non-pecuniary actual damages in the form of stress, fear, anxiety and harassment.

    As a result, the defendant is liable under New York Fair Debt Collection Practices Act § 602 violations and penalties.

    A. Except as otherwise provided by law, any person who shall violate the terms of this article shall be guilty of a misdemeanor and/or felony, and each such violation shall be deemed a separate offense.

    B. The attorney general or the district attorney of any county may bring an action in the name of the people of the state to restrain or prevent any violation of this article or any continuance of any such violation.

33. The Plaintiff prays for a declaratory judgment adjudging that Defendant violated the NYFDCPA.

**TRIAL BY JURY**

34. The Plaintiff is entitled to and hereby respectfully demands a trial by jury pursuant to US Const. amend. 7. Fed. R. Civ. Pro. 38.

**WHEREFORE,** the Plaintiff respectfully requests that judgment be entered against the defendant for the following:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA and must cease;

B. Actual damages pursuant to 15 U.S.C. §1692k(a)(1) against the Defendant for Plaintiff;

C. Statutory damages of $1,000 pursuant to 15 U.S.C § 1692k(a)(1) against the Defendant for the Plaintiff;

D. Declaratory Judgment pursuant to New York General Business Law §601.

E. Actual and punitive damages pursuant to GBL §349.

F. Actual and punitive damages pursuant to §1692g (b), §1692f (1).

G. Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant for the Plaintiff; and

H. For such other and further relief as the Court may deem just and proper.

Dated this 18th day of May, 2018.

Respectfully submitted,

/s/ Eckor Joseph
Eckor Joseph, Esq.
Attorney for the Plaintiff
Aronow Law, PC
20 Crossways Park Drive North, Suite 210
Woodbury, NY 11797
516-762-6695 phone
516-342-5364 fax