FILED
CLERK
8/2/2019 2:29 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MERCEDES BISONO,

                      Plaintiff,         **MEMORANDUM OF**
                                        **DECISION & ORDER**
               -against-         2:18-cv-02975 (ADS)(SIL)

FINANCIAL RECOVERY SERVICES, INC.,

                      Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Aronow Law, PC**
*Attorneys for the Plaintiff*
20 Crossways Park Drive North, Suite 210
Woodbury, NY 11797
        By:    Eckor Joseph, Esq., Of Counsel.

**Moss & Barnett**
*Attorneys for the Defendant*
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
        By:    Michael Thomas Etmund, Esq., Of Counsel.

**SPATT, District Judge**:

        Plaintiff Mercedes Bisono (the "Plaintiff") initiated this action against defendant Financial Recovery Services, Inc. (the "Defendant") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, New York General Business Law § 349, and New York Fair Debt Collection Practices Act § 601(8) arising from a letter sent by the Defendant to collect a $966.16 debt she owed to TD Bank USA, N.A.

        Presently before the Court is a motion by the Defendant for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P" or "Rule") 12(c). As of this date,

1

the Defendant's motion is unopposed. For the following reasons, the Court grants the Defendant's motion.

## I. BACKGROUND

The Plaintiff allegedly incurred a debt to TD Bank USA N.A. that was subsequently transferred to the Defendant for collection.

On April 24, 2018, the Plaintiff received a collection letter from the Defendant that sought to recover the debt, hereinafter the "Letter." The Letter stated:

> The account(s) listed above have been assigned to this agency for collection. As of the date of this letter, you owe $966.16.
>
> While your account is with our office, if you pay $966.16, the above-referenced account will be considered paid in full. Please feel free to call us at the toll-free number listed below or use our online consumer help desk. FRS now accepts some forms of payment on line at www.fin-rec.com. See your online access pin above.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any other portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> If you are sending your payment by overnight delive1y, please use the following address: 4510 W. 77th ST, Suite 200, Edina, MN 55435.
>
> This communication is from a debt collection agency licensed by the Minnesota Department of Commerce.

ECF 1-1 at 8. The Letter also included three repayment coupons.

On May 18, 2018, the Plaintiff filed the Complaint alleging the Letter violated FDCPA and New York State law by seeking to collect the debt within the 30-day validation period required by FDCPA § 1692g(a).

## II. DISCUSSION

**A. THE LEGAL STANDARD.**

The Court reviews Rule 12(c) motions for judgment on the pleadings under the same standard as Rule 12(b)(6) motions to dismiss. *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir.2010). Therefore, "[t]o survive a Rule 12(c) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir.2010)). The issue on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir.2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "'Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009)).

In deciding a motion to dismiss, the Court must accept the material facts alleged in the complaint as true and draw all reasonable inferences in the Plaintiff's favor. *Ashcroft*, 129 S.Ct. 1937 at 1949–50; *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 91 (2d Cir.2007). However, "that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris*, 572 F.3d at 72 (quoting Iqbal, 129 S.Ct. at 1949). As such, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and ... determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 129 S.Ct. at 1950. Only if this Court is satisfied that "the complaint

cannot state any set of facts that would entitle the plaintiff to relief will it grant dismissal pursuant to Rule 12(b)(6)." *Hertz Corp. v. City of N.Y.*, 1 F.3d 121, 125 (2d Cir.1993).

Of importance, the Court notes that "[i]n deciding an unopposed motion to dismiss," as the Court does here, "a court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency.... Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Thomas v. Colletti*, 13-cv-04827, 2014 WL 1329947, at *2 (S.D.N.Y. Mar. 28, 2014) (quoting *Haas v. Commerce Bank*, 497 F.Supp.2d 563, 564 (S.D.N.Y.2007) (in turn, quoting *McCall v. Pataki*, 232 F.3d 321 (2d Cir. 2000))).

**B. AS TO THE PLAINTIFF'S FDCPA CLAIMS.**

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013) (quoting 15 U.S.C. § 1692(e)); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (noting that the purpose of the FDCPA is "to protect consumers from deceptive or harassing actions taken by debt collectors"). Under the FDCPA, "any debt collector who fails to comply with any provision of [§ 1692] with respect to any person is liable to such person[.]" 15 U.S.C. § 1692k(a). The act "imposes civil liability on 'debt collector[s]' for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576, 130 S. Ct. 1605, 176 L.Ed. 2d 519 (2010).

With regard to FDCPA claims that are based solely on a debt collection letter from a debt collection agency to a consumer, the claim may be dismissed at the pleadings stage. *See Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005).

In order to successfully state a claim under the FDCPA, "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Schuh v. Druckman & Sinel, L.L.P.*, 751 F. Supp. 2d, 542, 548 (S.D.N.Y. 2010) (internal citations omitted); *Polanco v. NCO Portfolio Mgmt., Inc.*, 132 F. Supp. 3d 567, 578 (S.D.N.Y. 2015) (same).

Second Circuit courts evaluate FDCPA claims based upon how the "least sophisticated consumer" would understand the communication at issue. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). "FDCPA protection 'does not extend to every bizarre or idiosyncratic interpretation of a collection notice' and courts should apply the [least sophisticated consumer] standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233–34 (2d Cir. 2012) (per curiam) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). Whether a portion of a debt collection letter is deceptive to the "least sophisticated consumer" is a question of law. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993) ("We apply an objective test based on the understanding of the 'least sophisticated consumer' in determining whether a collection letter violates section 1692e." (citing *Clomon*, 988 F.2d at 1318)).

The Complaint alleges that the Letter violated sections 1692g(b) and 1692f(1). The Court will address each in turn.

**1. As to Section 1692g(b).**

Section 1692g requires debt collectors to provide a "validation notice" to consumers in or within five days of the debt collector's initial communication with the consumer. The "validation notice" must include:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Section 1692g(b) provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent

> with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

*Id.* § 1692g(b).

The Plaintiff contends that the Letter, which contained the disclosures required by Section 1692g(a), violated Section 1692g(a) by simultaneously making collection attempts and demanding payment. According to the Plaintiff, Section 1692g(b)'s 30-day validation period requires debt collectors to "cease collection attempts during [the] 30-Day period to dispute the debt," ECF 1 ¶ 20(a), prohibiting validation letters that "serv[e] a dual purpose as a 30-Day Validation Notice and a collection notice demanding payment," *id.* ¶ 13.

However, the "thirty-day window" provided by the statute "is not a 'grace period'; in the absence of a dispute notice, the debt collector is allowed to demand immediate payment and to continue collection activity." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008). In other words, "during the validation period, the debtor's right to dispute coexists with the debt collector's right to collect." *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 660 (S.D.N.Y. 2006). The Complaint contains no allegations that the Plaintiff challenged the debt during the validation period, meaning she can only state a claim under Section 1692g(b) if the Letter contained language overshadowing or contradicting other language informing her of her rights. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) ("When a notice contains language that 'overshadows or contradicts' other language informing a consumer of her rights, it violates the Act.").

In that regard, "'[a] debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights.'" *Omogbeme v. Risk Mgmt. Alternatives, Inc.*, No. 01-cv-7293, 2003 WL 21909773, at *2 (E.D.N.Y. Aug. 4, 2003) (quoting *Savino v.*

7

*Computer Credit Inc.*, 164 F.3d 81, 85 (2d Cir. 1998)). Therefore, a complaint alleging violations of Section 1692g by a collection notice otherwise compliant with the statute will survive a motion to dismiss if: "'(1) the plaintiff pleads a contradiction between the demand language and the validation language and (2) it is possible that the plaintiff could prove that the contradiction would mislead the least sophisticated consumer into disregarding his or her rights under the validation notice.'" *Harrison v. NBD Inc.*, 968 F. Supp. 837, 846 (E.D.N.Y. 1997) (quoting *Beeman v. Lacy, Katzen, Ryen & Mittleman*, 892 F.Supp. 405, 412 (N.D.N.Y.1995)).

The only untoward facts cited by the Complaint are that collection attempts were made multiple times within the letter; there were three payment coupons which included the balance due attached at the bottom of the of the letter; instructions were attached at the top of the coupons stating, "Detach Coupon and Mail Payment;" and the language within the letter stated that the Defendant accepted some forms of payment online. ECF 1 ¶ 20(a). In the Court's view, these allegations do not describe anything more than garden-variety attempts to solicit payment of the underlying debt by the Plaintiff. There is no indication the Letter contradicted the Plaintiff's right to challenge the validity of the debt. The Letter contains neither language diminishing the importance of that right nor threats dissuading the Plaintiff from exercising those rights, such as demands to pay the debt immediately or suggestions that failure to cooperate could jeopardize resolution of the debt. *See Foti*, 424 F. Supp. 2d at 664 ("There is no suggestion that the thirty-day validation period should be disregarded, or that immediate payment is required. Nor is there an implicit suggestion that failure to cooperate immediately could jeopardize resolution of the debt."). In fact, the letter does not even encourage the Plaintiff to pay the debt, simply stating the amount of her balance and providing her with the information needed to satisfy it.

Courts routinely find that collection letters do not run afoul of the FDCPA simply by including settlement offers in the initial communication containing the validation notice. *See, e.g.*, *Harrison*, 968 F. Supp. at 848 (finding that a "claim for overshadowing . . . premised solely upon [the] offer of a special discount if the debt is paid within the 30-day validation period" was "insufficient to state a claim upon which relief can be granted"); *Stark v. RJM Acquisitions LLC*, No. 08-cv-2309, 2009 WL 605811, at *5 (E.D.N.Y. Mar. 9, 2009) (finding "as a matter of law, that a settlement offer contained in a debt collector's initial communication with a debtor does not overshadow or contradict a validation notice contained in that same communication"); *Soffer v. Nationwide Recovery Sys., Inc.*, No. 06-cv-435, 2007 WL 1175073, at *5 (E.D.N.Y. Apr. 19, 2007) (rejecting argument that "the mere inclusion of a settlement offer in a debt collection letter containing a validation notice would constitute a *per se* violation of the FDCPA"); *Omogbeme*, 2003 WL 21909773, at *3 (finding inclusion of settlement offer in initial communication "cannot be seen as overshadowing the contents of the included validation notice").

Therefore, the Court finds that the Complaint fails to state a claim for violation of Section 1692g(b).

### 2. As to Section 1692f(1)

In its prefatory clause, section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The prefatory clause is followed by a list of specific "examples of ... conduct" that constitutes a violation of this section. *Schweizer v. Trans Union Corp.,* 136 F.3d 233, 236 n. 2 (2d Cir. 1998) (citing 15 U.S.C. §§ 1692f(1)–(8)). "The list of § 1692f violations found in the subsections are nonexhaustive," *Tsenes v. Trans–Cont'l Credit & Collection Corp.,* 892 F.Supp. 461, 466 (E.D.N.Y.1995), and the prefatory clause in section 1692f "is a catchall provision that provides a cause of action 'standing

9

alone,'" *Okyere v. Palisades Collection, LLC*, 961 F.Supp.2d 522, 529 (S.D.N.Y.2013) (quoting *Tsenes,* 892 F.Supp. at 465); *see also Rogers v. Capital One Servs.*, LLC, 447 F. App'x 246, 249 (2d Cir. 2011) (noting that section 1692f's prefatory clause is "a catchall provision").

Here, the Plaintiff invokes Section 1692f(1), which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). However, the Complaint contains no allegation that the Defendant's attempted to collect debt the debt in a manner contrary to the agreement creating the debt or any express statutory provision. Instead, the Plaintiff alleges that including payment coupons with the balance preprinted on each coupon accompanied by an address for sending a payment overnight was unconscionable and an unsophisticated consumer "would have a great deal of trouble deciphering whether the 30 Day statutory grace period applies." ECF 1 ¶ 20(b). This allegation does not fall within the ambit of Section 1692f(1) or any of the enumerated improper acts within Section 1692f.

Although the absence of a specific statutory hook would not normally be fatal, it is here because the only misconduct identified by the Complaint is the same conduct the Court found insufficient to create a claim under Section 1692g. *See Foti*, 424 F. Supp. 2d at 667 ("Plaintiff does not allege any improper acts listed within Section 1692f. This alone, of course, is not fatal . . . However, Plaintiffs' Complaint is deficient in that it does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA."); *cf. also Shapiro v. Dun & Bradstreet Receivable Mgmt. Servs.*, Inc., 209 F. Supp. 2d 330, 334 (S.D.N.Y. 2002) ("Plaintiff's assertions for this count rest wholly on the same allegedly overshadowing and contradictory language that he claims violates § 1692g. Absent any other basis for 'deception' or 'false

representation,' the Court dismisses the 1692e claims for the same reasons set forth above in connection with plaintiff's other claims.").

Traditionally, courts only consider debt collection actions to be "unfair or unconscionable" within the prefatory clause when they are "marked by injustice, partiality, or deception," "unscrupulous," "show[] no regard for conscience," or "affront[] the sense of justice, decency, or reasonableness." *Sutton v. Fin. Recovery Servs., Inc.*, 121 F. Supp. 3d 309, 314 (E.D.N.Y. 2015). As previously discussed, none of these superlatives describe the Defendant's efforts in this case. The Plaintiff's sole complaint appears to be that the Defendant failed to afford her a 30 day "grace period" before attempting to collect the debt. Well-settled case law establishes that no such "grace period" exists, *unless* the Plaintiff contests the validity of the debt. The Plaintiff never took that initial step, and thus cannot claim any wrongdoing on the part of the Defendant.

Therefore, the Court finds the Plaintiff fails to state a claim for violation of Section 1692f.

**C. AS TO THE PLAINTIFF'S NEW YORK STATE LAW CLAIMS.**

The Plaintiff also asserts state law causes of action under New York General Business Law § 349 and New York Fair Debt Collection Practices Act § 601(8)

A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In employing its discretion, the district court balances the "values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L.Ed. 2d 720 (1988). In the Second Circuit, "when the federal claims are dismissed the state claims should be dismissed as well." *In re Merrill Lynch Ltd. P'Ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998)

(internal citations and quotation marks omitted). "Although this is not a mandatory rule, the Supreme Court has stated that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining jurisdiction over the remaining state-law claims.'" *Id.* (citing *Cohill*, 484 U.S. at 350 n.7). As the Supreme Court noted in *United Mine Workers v. Gibbs*, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L.Ed. 2d 218 (1966).

As this Court has dismissed the Plaintiff's only claims sounding in federal law, the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims. *See Rivelli v. Pennsylvania Higher Educ. Assistance Agency*, No. 18-cv-3322, 2019 WL 1473091, at *3–4 (E.D.N.Y. Apr. 3, 2019) (declining to exercise supplemental jurisdiction over GBL § 349 claim after dismissing FDCPA claims); *Rutty v. Esagoff*, No. 17-cv-1485, 2017 WL 2178432, at *3 (E.D.N.Y. May 17, 2017) (same); *Torres v. Nationstar Mortg. LLC*, No. 15-cv-7015, 2016 WL 6581868, at *3 (E.D.N.Y. Nov. 2, 2016) ("Given the dismissal of the FDCPA claims–the only federal claims in this action–the Court declines to exercise supplemental jurisdiction over the state law claims for violations of the NYFDCPA and GBL § 349.").

Accordingly, the Court dismisses the Plaintiff's state law claims without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court grants the Defendant's motion for judgment on the pleadings pursuant to Rule 12(c). The Court dismisses the Plaintiff's FDCPA claims with prejudice and dismisses the Plaintiff's New York General Business Law § 349 and New York Fair Debt Collection Practices Act claims without prejudice. The Clerk of the Court is respectfully directed to close the case.

It is **SO ORDERED**:

Dated: Central Islip, New York

August 2, 2019

                                                              /s/ Arthur D. Spatt

                                                    ARTHUR D. SPATT

                                          United States District Judge